# UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DAVID J. CAMPBELL,

                         Case No:    3:24-cv-67 (AMN/ML)

        Plaintiff,

                              CIVIL RIGHTS COMPLAINT PURSUANT TO

                              42 USC sec. 1983

                              Jury Demand

vs.

CITY OF BINGHAMTON NY; MAYOR OF BINGHAMTON, JARED M. KRAHAM, in official and

individual capacity; BINGHAMTON POLICE DEPARTMENT; CHEIF OF BINGHAMTON POLICE

DEPARTMENT, JOSEPH ZIKUSKI; DET. BRYAN SOSTOWSKI, in official and individual capacity;

BROOME COUNTY NY; BROOME COUNTY CLERK'S OFFICE; CHEIF CLERK OF BROOME

COUNTY, JUDITH E. OSBURN; HONORABLE JUDGE, JOSEPH A. CAWLEY OF BROOME

COUNTY; UNKNOWN(S), in official and individual capacity,

        Defendant(s).

1 of 14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Plaintiff(s)** | ) | Civil Case No.: |
| | ) | |
| vs. | ) | **CIVIL** |
| | ) | **RIGHTS** |
| | ) | **COMPLAINT** |
| **Defendant(s)** | ) | **PURSUANT TO** |
| | ) | **42 U.S.C. § 1983** |

Plaintiff(s) demand(s) a trial by:  ⊘ JURY   ◯ COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1.  This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2.  Plaintiff: David J. Campbell

    Address: 5 Bradley Street

    Binghamton NY 13904

Additional Plaintiffs may be added on a separate sheet of paper.

3.  a.  Defendant: City of Binghamton NY

    Official Position: City of New York

    Address: City of Binghamton

    38 Hawley St.

    Binghamton, NY 13901

2 of 14

**b.** Jared M. Kraham,

The Mayor of Binghamton, New York

38 Hawley Street

Binghamton NY 13901

**c.** Binghamton Police Department

A Department of Binghamton, New York

38 Hawley Street

Binghamton New York 13901

**d.** Joseph Zikuski

Cheif of Binghamton Police Department

38 Hawley Street

Binghamton, New York 13901

**e.** Detective Bryan Sostowski

A Detective of Binghamton Police Department

38 Hawley Street

Binghamton, New York 13901

**f.** Broome County

A County of New York

60 Hawley Street

Binghmaton New York 13902

3 of 14

**g.** Broome County Clerk's Office

A Department of Broome County

92 Court Street

Binghamton, NY 13901


**h.** Judith E. Osburn

Cheif Clerk of Broome County Supreme Courts and County Courts

92 Court Street

Binghamton, New York 13901


**i.** Honorable Judge Joseph A. Cawley

A 6th Dist. Judge of Broome County

65 Hawley Street

Binghamton, New York 13901

j. Unknown(s)


4.                          **FACTS**

Today is January 13, 2024 and Plaintiff's and Plaintiff's wife's property is still being withheld from

Plaintiff and his wife by Binghamton Police Department unlawfully ever since January 13, 2024.

Plaintiff has attached the relevant documents retrieved from *CA2023000102* (at his own cost because

final notice(s) were never served on Plaintiff)). The incident in question began Jan.13th, 2023 when

most items were seized during Plaintiff's attempt to report crime against Plaintiff's private property and

vehicle in Binghamton, NY to Binghamton Police officer Mushalla.  Apparently Detective Sostowski

then sought Judicial intervention 1/17/23 (almost a week later) and apparently received 2 TERPOs and 2 ERPOs (or it was made to appear that way even though thats not really what happened via Admistrative procedure and/or without proper jurisdiction) without proper **NOTICE** or due process rights being afforded Plaintiff.  One **ORDER**[ was sought 1/17/23 expiring 2/13/24 totaling 13mths-no notice of hearing, no hearing, no final order service. The other **ORDER** on 1/17/23 or 1/19/23 set to expire 1/13/24- no notice of hearing, no final order service. Both **ORDER**s are expired or were void/erroneuos when issued and/or became void via being issued without proper jurisdiction and/or no due process protections compounded by NY Red Flag policy changes defendants should reasonably be aware of time has passed to release Plaintiff's and his wife's seized property as of January 13, 2024 but fails to do so in violation of Plaintiff's and his wife's US and NY constituional rights, NY Penal law, Federal Law, and local departmental policy. Defendants can come back and do it all again. Attached is a Docket Detail Sheet for *CA2023000102*, the **Memorandums**, and the 2 **ORDER**s evidencing clear activity dates seeking judicial intervention after 1/13/23, 1/14/23, 1/15/23 and 1/16/23 taking items before a red flag order not after, no timely **NOTICE** of hearing, no hearing or service of final **ORDER**s served on Plaintiff by Court, winner(s) or counsel for winners. Plaintiff retrieved documents at Plaintiff's own costs discovering what is being circulated and secretly done throughout Broome County to unrepresented individuals and is currently being convieniently blocked from the general public's eye (concealing crimes and wrongs Administratively) or just done to Plaintiff by defendants believed to be sending a message to Plaintiff and his wife: 'we do whatever we want" leaving Plaintiff in neverending fear of similiar acts in the future by defendants.

## CAUSES OF ACTION


### FIRST CAUSE OF ACTION

#### Conspiracy against rights

Judge Joseph F. Cawley and/or others conspired with or knew about the Binghamton Police

Deptartment's Det. Sostowski deceitful acts as if it was normal workroom chat on 1/17/23 and without proper jurisdiction provided Detective Sostowski with documents on 1/17/23 and/or 1/17/23 and 1/19/23 Detective and Judge(s) all who knew or should known at all times requires notice, a hearing, final order sevice and other due process protections: 1 order was for 13 months; the other 12 months. Apparently Judge Cawley or someone else gave Detective Sostowski the TERPO and ERPO on 1/17/23 dated for 1/13/23 and then told everyone in Broome County but the person affected via Administrative **MEMORANDUM**s what they did and how to proceed further; never providing Plaintiff final notices per **ORDER** or personal duty; 1 order exceeding the 12 month/1 year maximum punishment allowed in NY- both not properly served on Plaintiff (see **Memorandum**s from Judith Osborn, Chief Clerk of Broome County in File# *CA 2023000102* and **Docket detail** attached) before or after acting (without explaination as to why the excessive restraint time and deviation from policy is proper here) grostesquly abusing Plaintiff and their own positions misleading their employees, the general public, the officer, myself and genaral public into understanding the messege being sent: 'defendants can do whatever they want'.

### SECOND CAUSE OF ACTION

#### Extortion

Det. Sostowski apparently after getting 1 red flag order sought a second TERPO from Judge Joseph McBride using ADA Lucas Finley. A second ERPO was issued on 1/17/23 or 1/19/23 without jurisdiction or proper reasoning- there's 2 orders for no apparent reason-no timely notice or proper services of either final **ORDER** or intial **NOTICE** of: 2 case numbers-1 file, 1 request for intervention according to the Detective and documents from file *CA2023000102* attached hereto obtained at Plaintiff's cost well after incidents and ministrial duties were due. Second **ORDER** was granted expiring 1/13/24 without due process being afforded to Plaintiff and never served with final **ORDER**s

or **MEMORANDUM**s (as reflected by docket detail and **MEMORANDUM**s attached). Detective

HAS NOT RELEASED Plaintiff's and his wife's property after order should have expired Jan.13,2024.

NY red flag laws and gun laws have changed and detective and others knowing or should know the

officers situation with Plaintiff explaining everything relevant before officer Mushalla took his wife's

rifle and ammunition IT WAS NOT PLAINTIFF'S RIFLE OR AMMUNITION. There has never been a

restraining order for Plaintiff's wife under red flag BUT HER RIFLE AND AMMUNITION WERE

SEIZED and kept over 365 days now just like Plaintiff's personal property inexcess of allowable

punishment under NY Red Flag Policy and common sense.

**6.**                                **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff(s) request that this Court grant the following relief:

**a. DECLARE** Detective Sostowski seeking judicial intervention from Broome Counnty Supreme

Court January 17, 2023 and deactivation date for red flag orders January 13, 2024 (exactly 1 year from

alleged red flag concerns of officer Mushalla)

**b. DECLARE** defendants violated/violating Plaintiff's and Plaintiff's wife constitutional rights and

cause defendant(s) to be immediately seized, removed from office and publicly apologize to our

community, Plaintiff and Plaintiff's wife for their actions

**e. DECLARE** Plaintiff and his wife being deprived personal property without proper reason or just

cause since January 13th, 2024 in violation of Plaintiff's and his wife's 2,5,7,14 Amendment rights to

the U.S. and NY Constitution, NY Penal law, Federal law and local departmental policy entitling

Plaintiff and his wife to just compensation, punitive damages and special damages as the court sees fit

including a written and a public apology: there is special circumstances being no lawyer to pay in this

matter and is/was no authority or consent to keep property from Plaintiff and his wife any longer

7 of 14

without accountability and is apparently condoned by Broome's Cheif Judge and other higher ups of Broome County and acceptable conduct towards unrepresented individuals

**d.AWARD** $20,000 every single day (like the fines being issued to other unlawfully operating businesses/individuals in NY for their misdeeds) for every item seized from Plaintiff or Plaintiff's wife Jan.13, 14 and 16 2023 NOT RELEASED from defendant's possession beginning 1/13/24 violating Plaintiff's and Plaintiff's wife's constitutional rights and protections to our property again for a second time- this time no court order and demonstrating a pattern they most likely will continue because they are being instructed advised and invited to do whatever they want regardless of what the law is in NY.

**e. CAUSE** to be delivered all Plaintiff's and Plaintiff's wife's property taken Jan.13, 14 and 16 2023 still being withheld from Plaintiff and his wife to 5 Bradley Street Binghamton, NY 13904 IMMEDIATELY

**f. AWARD** a $2,000,000 punitive damage award from defendants because ***ERPO*** has expired but property seized is still being kept from and deprived PLAINTIFF AND HIS WIFE like an angry mother would do to a child child (doing whatever one wants is common practice in Broome County). *see 3:23-cv-1337* and ***CA2023000102*** (punishment knowingly exceeding allowable punishment in NY under red flag laws without explaination)

**g. ORDER** Defendant(s) be added to *BRADY LIST* and restraind from similar acts in the futre against Plaintiff

**h. ORDER** change to Broome County Red Flag policy and due process procedures for unrepresented individuals so they receive actual notice of hearing, a FAIR hearing and served final orders so court can

8 of 14

properly assume jurisdiction over unrepresented individuals and unrepresented individuals are afforded post judgment relief ooptions I declare under the penalties of perjury that the foregoing is true and correct.

I declare under the penalty of perjury that the foregoing is true and correct

**DATED**:  1/16/24

David J. Campbell
5 Bradley Stret
Binghamton, NY 13904

02/2010

Broome County
Joseph A. Mihalko, County Clerk
Printed:  03/24/2023 09:39:29 AM

Case #:            CA2023000102

Rec Date:          01/17/2023  08:09:36 AM
Doc Grp/Desc:      CIV / SEALED FILE

Plaintiff:         SERGEANT SOSTOWSKI

Defendant:         CAMPBELL DAVID J

Case Description:  ERPO


---- DOCKET ITEMS -----
Rec Date       Description

01/17/2023   RJI UNASSIGNED
01/17/2023   APPLICATION FOR A TEMPORARY ERPO
01/17/2023   APPLICATION TO WAIVE FEES
01/17/2023   JUDICIAL ASSIGNMENT NOTICE
01/17/2023   TEMPORARY ERPO SIGNED FILED
01/17/2023   NOTIFICATION OF HEARING FOR ERPO SIGNED FILED
01/17/2023   ORDER FOR BACKGROUND INVESTIGATION SIGNED FILED
01/18/2023   MEMORANDUM
01/19/2023   AFFIDAVIT OF SERVICE
01/19/2023   BACKGROUND INVESTIGATION
01/23/2023   CLERK MINUTES
01/23/2023   ERPO SIGNED FILED
01/25/2023   AFFIDAVIT OF SERVICE
01/25/2023   BACKGROUND INVESTIGATION

CASE#: CA2023000102  01/17/  JUDICIAL ASSIGNMENT  OFFICE  Page: 1 of 1



# Broome Supreme and County Courts

**92 Court Street**
**Binghamton, NY 13901**
(607) 240-5800      (607) 240-5940 Fax

**Judith Osburn**
**Chief Clerk**

January 17, 2023

Sergeant Bryan Sostowski
C/O Binghamton City Police Department
38 Hawley St.
Binghamton, NY 13901

---

Sergeant Sostowski

-against-

David J. Campbell

**JUDICIAL ASSIGNMENT NOTICE**
**Index No.: CA2023000102**
**RJI Date: 01/17/2023**

---

**Case Type: SP-Extreme Risk Protection Order**

A request for judicial intervention has been filed in the above-referenced action.
The nature of judicial intervention is: **Extreme Risk Protection Order Application**.

In accordance with directive of the Chief Administrative Judge, this case has been assigned to:

**Honorable Oliver N. Blaise III**
**Broome County Courthouse**
**92 Court St.**
**P.O. Box 1766**
**Binghamton, NY 13902**

Sincerely yours,

Judith Osburn
*Chief Clerk*

**\*\*Please refer to the Sixth Judicial District Rules which may be found at: http://www.nycourts.gov/courts/6jd/rules.shtml**

11 of 14



Judith Osburn
*Chief Clerk*

**Broome Supreme and County Courts**
92 Court Street
Binghamton, NY 13901
(607) 240-5800          (607) 240-5940 Fax

## MEMORANDUM

**DATE:**     January 17, 2023

**TO:**       Bryan Sostowski
             38 Hawley St.
             Binghamton, NY 13901

             David J. Campbell
             5 Bradley St.
             Binghamton, NY 13904

**RE:**       REASSIGNMENT
             Sostowski, Sergeant Bryan vs. Campbell, David J.
             Index # CA2023000102
             RJI #

**FROM:**    JUDITH E. OSBURN, CHIEF CLERK

The Honorable Oliver N. Blaise III has requested that, due to scheduling difficulties, the above-referenced matter be reassigned to another Justice of the Supreme Court. Pursuant to Justice Oliver N. Blaise III's request, the above-referenced matter is reassigned to the Honorable Joseph A. McBride for all future proceedings.

**CC:**

             Hon. Joseph A. McBride
             Hon. Oliver N. Blaise III
             Office of the Broome County Clerk

*Please note that this Memorandum shall be sent to a party's attorney and not the party directly if the party is represented by an Attorney.

CPLR § 6342

Form ERO-1
8/2019

**CONFIDENTIALITY AND ANONYMITY** *(Optional: check only if applicable)*

☐ Petitioner's address and other contact information is confidential and shall be redacted from any papers served upon or provided to respondent pursuant to CPLR §6342(6)(a).

☐ Additionally, the case caption shall be amended to reflect that petitioner's name is anonymous, and petitioner's name shall be redacted from any papers served upon or provided to respondent.

Observe the following additional conditions necessary to further the purposes of protection [specify conditions]:

**ORDERED** that this order shall expire on ___02/13/2023___.

Digitally signed by Hon. Joseph F. Cawley
DN: OU=Broome County Court, O=Sixth
Judicial District, CN=Hon. Joseph F.
Cawley, E=jfcawley@nycourts.gov
Date: 2023-01-13 23:17:50

**Dated:** ___01/13/2023___

FILED IN
BROOME COUNTY CLERKS OFFICE
01/17/2023

JUSTICE OF THE SUPREME COURT
(COURT SEAL)

**TAKE NOTICE:**

- **The Court must hold a hearing to determine if a final extreme risk protection order will be issued. (See attached appearance notice for hearing date, time, and location.)** At the hearing, the parties shall have an opportunity to be heard, give testimony, call witnesses and offer evidence to assist the Court in determining if a final extreme risk protection order will be issued. Respondent may request a later hearing date to prepare for the hearing. To request a later date, respondent must contact the court BEFORE the scheduled hearing date above. Respondent may also seek the advice of an attorney, and the attorney should be consulted promptly.
- **Upon expiration of this temporary extreme risk protection order:**
  - All records of these proceedings shall be sealed pursuant to CPLR § 6346(1) and made unavailable to any person or public or private entity, except that the records shall be made available to (a) respondent or respondent's designated agent, (b) courts in the unified court system, (c) police agencies responsible for enforcing general criminal laws of the state, (d) any state or local officer responsible for issuing licenses to possess firearms, rifles or shotguns when respondent makes an application for such license, or (e) any prospective employer of a police or peace officer in relation to an application by respondent for employment as a police or peace officer.
  - Any prohibitors to purchasing or possessing firearms, rifles or shotguns imposed by this order shall be lifted unless the temporary order is extended, or a final extreme risk protection order is granted pursuant to CPLR § 6343 or renewed pursuant to CPLR § 6345.

**Check Applicable Box(es):**

☐ Party against whom order was issued was advised in Court of issuance and contents of Order

☐ Order personally served in Court upon party against whom order was issued

☑ Service directed by other means [specify]: *Personal service upon Respondent n or before 1/15/2023*

☐ Additional service information [specify]: _____

☐ The Court, having notice of the fact that the respondent is a patient in a certified Office of Mental Health (OMH) facility on the date of this order, hereby authorizes service upon the respondent at such facility pursuant to 14 NYCRR 22.2.

CC: _____

13 of 14

ORDERED that this order shall expire on 01/13/2024.

DATED: 01/19/2023

```
┌─────────────────────────────────┐
│           FILED IN              │
│  BROOME COUNTY CLERKS OFFICE    │
│          01/23/2023             │
└─────────────────────────────────┘
```

_____ JUDGE / JUSTICE

TAKE NOTICE:

· The respondent may submit one written request during the effective period of this order for a hearing setting aside any portion of the order.

· Upon expiration of this extreme risk protection order:

· *All records of these proceedings shall be sealed pursuant to CPLR § 6346(1) and made unavailable to any person or public or private entity, except that the records shall be made available to (a) the respondent or the respondent's designated agent, (b) courts in the unified court system, (c) police agencies responsible for enforcing general criminal laws of the state, (d) any state or local officer responsible for issuing licenses to possess firearms, rifles or shotguns when the respondent makes an application for such license, or (e) any prospective employer of a police or peace officer in relation to an application by the respondent for employment as a police or peace officer.*

· Any prohibitors to purchasing or possessing firearms, rifles or shotguns imposed by this order shall be lifted unless the extreme risk protection order is renewed pursuant to CPLR § 6345.

☐ Party against whom order was issued was advised in Court of issuance and contents of Order
☐ Order personally served in Court upon party against whom order was issued
☐ Service directed by other means[specify]: _____
☒ Additional service information [specify]: Other (specify): to be served by BPD

CCs: Broome County Sheriff's Department-Binghamton
Binghamton City Police Department