UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID JOHN CAMPBELL,

                       Plaintiff,

    v.                                              3:23-cv-01337 (AMN/ML)

NEW YORK STATE POLICE, et al.,

                       Defendants.
_____

DAVID J. CAMPBELL,

                       Plaintiff,

    v.                                              3:24-cv-00067 (AMN/ML)

CITY OF BINGHAMTON, NY, et al.,

                       Defendants.
_____

**APPEARANCES:**                                                **OF COUNSEL:**

**DAVID J. CAMPBELL**
Binghamton, NY 13904
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On October 30, 2023, Plaintiff *pro se* David John Campbell ("Plaintiff"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants New York State Police ("NYSP"), Steven A. Negrelli, Broome County, Broome County Sheriff's Office ("BCSO"), David Harder, Mark Hamilton, Brian Curtis, Broome County District Attorney's Office ("BCDA"), Lucas Finley, City of Binghamton ("Binghamton"), Jared M. Kraham,

Binghamton Police Department ("BPD"), Chief Jospeh Zikuski, Nicholas Mushalla, Bryan Sostowski, UHS Binghamton General Hospital ("UHS"), Jessica R. Raymond, Unknown 1, Unknown 2, and Unknown 3.  Case No. 3:23-cv-01337-AMN-ML (N.D.N.Y.) (the "2023 Action"), Dkt. No. 1 (the "2023 Complaint").[1]  In the 2023 Complaint, Plaintiff asserts nine claims, which generally allege the mistreatment of Plaintiff and his property in violation of his First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendment rights, and seeks declaratory, injunctive, and monetary relief.  *See id*. at 12-15.  Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"), 2023 Action, Dkt. No. 2, which motion was denied, 2023 Action, Dkt. No. 4, and on March 25, 2024, Plaintiff filed a second IFP motion, 2023 Action, Dkt. No. 5.

On January 16, 2024, Plaintiff filed a second civil rights suit pursuant to Section 1983 against Defendants Binghamton, Jared M. Kraham, BPD, Chief Joseph Zikuski, Detective Bryan Sostowski, Broome County, Broome County Clerk's Office, Judith E. Osburn, Honorable Judge Joseph A. Cawley, and Unknown(s).  Case No. 3:24-cv-00067-AMN-ML (N.D.N.Y.) (the "2024 Action"), Dkt. No. 1 (the "2024 Complaint").  In the 2024 Complaint, Plaintiff asserts two claims related to the allegations in the 2023 Complaint for violations of Plaintiff's own and his wife's due process rights, and seeks declaratory, injunctive, and monetary relief.  *See id*. at 5-7.  Plaintiff also sought leave to proceed IFP, 2024 Action, Dkt. No. 2, which motion was denied, 2024 Action, Dkt. No. 4, and on March 22, 2024, Plaintiff filed a second IFP motion, 2024 Action, Dkt. No. 5.[2]

Both actions were referred to United States Magistrate Judge Miroslav Lovric, who, on

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Additionally, on March 26, 2024, Plaintiff filed identical letters in both Actions requesting that the Court act on his pending Complaints and IFP motions.  2023 Action, Dkt. No. 6; 2024 Action, Dkt. No. 6 (collectively, "Plaintiff's Letter Requests").

April 19, 2024, issued an Order and Report-Recommendation in the 2023 Action (1) granting Plaintiff's IFP motion; (2) recommending that Plaintiff's claims against Defendants Negrelli in his individual capacity, Broome County, Harder, Hamilton, Curtis, Finley in his individual capacity, Binghamton, Kraham, Zikuski, Mushalla, Sostowski, UHS, Raymond, Unknown 1, Unknown 2, and Unknown 3 be dismissed with leave to replead; and (3) recommending that Plaintiff's claims against Defendants NYSP, BCDA, Negrelli in his official capacity, Finley in his official capacity, BPD, and BCS be dismissed without leave to replead.  2023 Action, Dkt. No. 7 at 16-18 (the "2023 Action Report-Recommendation").  Also on April 19, 2024, Magistrate Judge Lovric issued an Order and Report-Recommendation in the 2024 Action (1) granting the IFP Motion; (2) recommending that Plaintiff's claims against Defendants Binghamton, Broome County, Kraham, Zikuski, and Unknown(s) be dismissed with leave to replead; and (3) recommending that Plaintiff's claims against Defendants Crawley, Osburn, Broome County Clerk's Office, and BPD be dismissed without leave to replead.  2024 Action, Dkt. No. 7 at 16-18 (the "2024 Action Report-Recommendation").  Finally, in light of the above recommendations, Magistrate Judge Lovric recommended denying Plaintiff's Letter Requests as moot.  2023 Action, Dkt. No. 7 at 17-18; 2024 Action, Dkt. No. 7 at 17-18.

Magistrate Judge Lovric advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days to file written objections to the Report-Recommendations and failure to object within fourteen days would preclude appellate review.  2023 Action, Dkt. No. 7 at 18; 2024 Action, Dkt. No. 7 at 18.  On April 26, 2024, Plaintiff timely filed Objections to the 2024 Action Report-Recommendation, 2024 Action, Dkt. No. 8 (the "2024 Action Objections"), and on April 29, 2024, Plaintiff timely filed Objections to the 2023 Action Report-Recommendation, 2023 Action, Dkt. No. 8 (the "2023 Action Objections").

3

For the reasons set forth below, the Court adopts the Report-Recommendations in their entireties.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing [ ] a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

#### A. The 2023 Action Report-Recommendation and Objections

In his Objections to the 2023 Action Report-Recommendation, Plaintiff contends, among other things, that he has standing to bring his action, it is of major public concern, and it addresses prohibited official acts which would nullify any immunity defenses. 2023 Action, Dkt. No. 8 at 1-2. Notably, Plaintiff does not cite to or quote from the 2023 Action Report-Recommendation, does not cite to any additional allegations from the 2023 Complaint that support his claims, does not cite any allegations Magistrate Lovric allegedly overlooked or misinterpreted, and cites only one case. *See id.* (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Read in the light most favorable to Plaintiff, the Court finds that these objections are not

specific,[3] and accordingly the Court reviews the 2023 Action Report-Recommendation for clear error. *See Mario*, 313 F.3d at 766; *O'Diah*, 2011 WL 933846, at *1.

The 2023 Action Report-Recommendation details the factual allegations contained in the 2023 Complaint, *see* 2023 Action, Dkt. No. 7 at 2-6, before undertaking a reasoned analysis and concluding that the 2023 Complaint should be dismissed for one overarching reason, *see id*. at 8-10, or alternatively, for five claim- and Defendant-specific reasons, *see id*. at 10-14. Magistrate Judge Lovric first concluded that the 2023 Complaint should be dismissed for frivolousness. *Id*. at 9-10. Second, Magistrate Judge Lovric also found that Defendants NYSP, BCDA, Negrelli in his official capacity, and Finley in his official capacity are immune from the claims asserted under the Eleventh Amendment and 28 U.S.C. § 1915(e)(2)(B), and should be dismissed from the action. *Id*. at 10-11. Third, Magistrate Judge Lovric found that the 2023 Complaint lacks any allegations of wrongdoing by Defendants Negrelli, Harder, Curtis, Kraham, and Zikuski, and thus the claims against them should be dismissed for failure to state a claim. *Id*. at 11-12. Fourth, Magistrate Judge Lovric found that Defendants BPD, BCS, and UHS are not proper Section 1983 defendants. *Id*. at 12-13. Fifth, Magistrate Judge Lovric found that the 2023 Complaint does not allege a municipal policy or custom, failure to train, or deliberate indifference that would support liability with respect to Defendants Binghamton or Broome County. *Id*. at 13-14. And sixth, to the extent Plaintiff seeks to have certain property returned, Magistrate Judge Lovric found that Plaintiff has not shown that his remedy under state law is inadequate or unavailable. *Id*. at 14.

Finding no clear error in the above-described analysis and conclusions, the Court adopts

---

[3] To the extent Plaintiff attempts to incorporate his earlier-filed 2024 Action Objections into his 2023 Action Objections, *see* Dkt. No. 8 at 2, the Court considers those arguments below, *infra* § III.B.

the 2023 Action Report-Recommendation determination as to each claim in the 2023 Complaint. Further, upon a *de novo* review of the 2023 Complaint, the Court agrees with Magistrate Judge Lovric's conclusions for the reasons stated in the 2023 Action Report-Recommendation.

### B. The 2024 Action Report-Recommendation and Objections

In his Objections to the 2024 Action Report-Recommendation, Plaintiff contends, among other things, that Defendants are not immune from suit and that Magistrate Judge Lovric did not consider all of his claims. *See* 2024 Action, Dkt. No. 8 at 1-4. However, these objections are either not specific or merely assert disagreements without providing a basis to find otherwise. Accordingly, the Court reviews the 2024 Action Report-Recommendation for clear error. *See Mario*, 313 F.3d at 766; *O'Diah*, 2011 WL 933846, at *1.

In the 2024 Action Report-Recommendation, Magistrate Judge Lovric carefully considered the claims against the nine named Defendants and one unknown Defendant in light of the deference due to *pro se* pleadings, and found each claim lacking. *See* 2024 Action, Dkt. No. 7 at 6-14. First, Magistrate Judge Lovric considered the 2024 Complaint claims against Broome County Court Judge Cawley, noting the limitations on judicial immunity "when a judge takes action outside his or her judicial capacity" or "'in the complete absence of all jurisdiction[,]'" *id.* at 6-7 (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)), and recommended that claims against Defendant Judge Cawley in his individual capacity be dismissed due to judicial immunity and in his official capacity due to the Eleventh Amendment, *id.* (collecting cases). Second, Magistrate Judge Lovric considered the claims against the Broome County Clerk's Office, finding that such claims were barred "under the Eleventh Amendment because it is an arm of the State of New York." *Id.* at 7-8 (citing, *inter alia*, *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)). Third, Magistrate Judge Lovric properly determined that BPD, as a municipal

department of Defendant Binghamton, is not a proper Section 1983 Defendant.  *Id*. at 8 (collecting cases); *see Moulton v. Cnty. of Tioga, NY*, No. 3:22-cv-00340 (AMN/ML), 2023 WL 4627646, at *15 (N.D.N.Y. July 19, 2023).  Fourth, Magistrate Judge Lovric considered Plaintiff's claims against Osburn, the Chief Clerk of Broome County Supreme Courts and County Clerks, and determined that she is immune from suit in her individual capacity as a quasi-judicial actor, the 2024 Complaint failed to allege her personal involvement in any of the alleged constitutional deprivations, and that she is immune from suit in her official capacity under the Eleventh Amendment.  2024 Action, Dkt. No. 7 at 9-10.  Fifth, Magistrate Judge Lovric found that the body of the 2024 Complaint completely lacked allegations of wrongdoing by Defendants Kraham, Zikuski, and Unknown(s), and accordingly concluded that the claims against them should be dismissed for failure to state a claim.  *Id*. at 10-11.  Sixth, Magistrate Judge Lovric considered the claims against Binghamton and Broome County and concluded that the 2024 Complaint failed to state a claim because the acts alleged did not amount to a policy or custom sufficient to support municipal liability, nor did the allegations reflect a failure to train or deliberate indifference to the rights of Plaintiff or others considering the acts alleged.  *Id*. at 11-12.  Lastly, Magistrate Judge Lovric considered the claims against Defendant Sostowski, interpreting them as either a civil extortion claim, or more broadly as a procedural due process claim, and determined that the allegations were conclusory, extortion is not a cognizable civil claim,  the Complaints do not allege or suggest a due process violation, and New York has adequate post-deprivation remedies that were available to Plaintiff.  *Id*. at 12-14.

    Finding no clear error in the above-described analysis and conclusions, the Court adopts the 2024 Action Report-Recommendation determination as to each claim in the 2024 Complaint.  Further, upon a *de novo* review of the 2024 Complaint, the Court agrees with Magistrate Judge

Lovric's conclusions for the reasons stated in the 2024 Action Report-Recommendation.

### C. Leave to Amend

Finally, Magistrate Judge Lovric recommended that certain claims should be dismissed without leave to amend, while others, in an abundance of caution, should be dismissed with leave to amend. Magistrate Judge Lovric articulated the proper standard cautioning courts against dismissing claims filed by a *pro se* litigant without affording the opportunity to amend, and as a result only recommended dismissal without leave to amend claims for which better pleading could not cure the defects identified. *See* Dkt. No. 7 at 14-16; 2024 Action, Dkt. No. 7 at 14-16. Plaintiff's Objections do not specifically take issue with the amendment analysis contained in the Report-Recommendation, and the Court finds no clear error in the determination to dismiss certain futile claims without leave to amend, while permitting Plaintiff an additional opportunity to state his other claims.[4]

Accordingly, the Court adopts both Report-Recommendations in their entireties.

## IV. CONCLUSION

For these reasons, the Court hereby

**ORDERS** that the 2023 Action Report-Recommendation, Case No. 3:23-cv-01337-AMN-ML (N.D.N.Y.), Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the 2023 Complaint, Case No. 3:23-cv-01337-AMN-ML (N.D.N.Y.), Dkt.

---

[4] The Court reiterates Magistrate Judge Lovric's admonition to Plaintiff that any amended complaint "will replace the existing complaint, and must be a wholly integrated and complete pleading," Dkt. No. 7 at 16, and must "contain some specific allegations of fact indicating a deprivation of rights," *id*. (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)), "set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts," and "allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations[,]" *id*. (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)). Finally, should Plaintiff wish to pursue this case as a single action, he may file an amended complaint compiling all of his related allegations in one of his cases, and not the other.

No. 1, is **DISMISSED with leave to amend claims against Defendants Negrelli in his individual capacity, Broome County, Harder, Hamilton, Curtis, Finley in his individual capacity, Binghamton, Kraham, Zikuski, Mushalla, Sostowski, UHS, Raymond, Unknown 1, Unknown 2, and Unknown 3**, and the remainder **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the 2024 Action Report-Recommendation, Case No. 3:24-cv-00067-AMN-ML (N.D.N.Y.), Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the 2024 Complaint, Case No. 3:24-cv-00067-AMN-ML (N.D.N.Y.), Dkt. No. 1, is **DISMISSED with leave to amend claims against Defendants Binghamton, Broome County, Kraham, Zikuski, and Unknown(s)**, and the remainder **DISMISSED without leave to amend**; and the Court further

**ORDERS** that Plaintiff's Letter Requests, 2023 Action, Dkt. No. 6; 2024 Action, Dkt. No. 6, are **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint in either or both of his actions within **SIXTY (60) DAYS** of the date of this Order.  Any amended complaint must be a complete pleading which will replace the current complaint in the respective case in total; and the Court further

**ORDERS** that if Plaintiff timely files an amended complaint in either or both of his actions, such complaint shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to timely file an amended complaint, the Clerk is directed to close the applicable case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 20, 2024
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge